IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS R. MILLER, | § | |
| | § | |
| Defendant Below, | § | No. 160, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 92S05488DI (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 14, 2018
Decided: June 14, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 14th day of June 2018, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Thomas R. Miller, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence.  The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Miller's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that, in 1994, a Superior Court jury found Miller guilty of Unlawful Sexual Intercourse in the First Degree and Burglary in the Second Degree.  The charges arose from an attack on an 85-year-old woman.  The Superior

Court sentenced Miller as follows: (i) for Unlawful Sexual Intercourse in the First Degree, life imprisonment; and (ii) for Burglary in the Second Degree, eight years of Level V incarceration. On direct appeal, this Court affirmed the Superior Court's judgment.[1] Since then Miller has filed multiple unsuccessful motions for postconviction relief, extraordinary writs, and sentence correction.[2]

(3) On March 1, 2018, Miller filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). On March 15, 2018, the Superior Court denied the motion. This appeal followed.

(4) In his opening brief, Miller argues, as he did below, that his sentence is illegal because the Superior Court was biased throughout the entire case, including at sentencing, and imposed more than the minimum mandatory sentence of fifteen years for Unlawful Sexual Intercourse in the First Degree. We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[3] A sentence is illegal if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally

---

[1] *Miller v. State*, 1995 WL 301379 (Del. May 9, 1995).

[2] *See, e.g.*, *In re Miller*, 2012 WL 1267971 (Del. Apr. 12, 2012) (denying petition for a writ of mandamus); *Miller v. State*, 2010 WL 2555084 (Del. June 25, 2010) (affirming the Superior Court's denial of Miller's fourth postconviction for relief); *Miller v. State*, 2004 WL 65331 (Del. Jan. 12, 2004) (affirming the Superior Court's denial of Miller's motion for correction of illegal sentence).

[3] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).

contradictory, omits a term required to be imposed by statute, or is not authorized by the judgment of conviction.[4]

(5)    The Superior Court did not err in denying Miller's motion for correction of illegal sentence.  On direct appeal, we rejected Miller's claim that the Superior Court judge was biased and should have granted Miller's motion for recusal.[5]  In 2004 when we affirmed the Superior Court's denial of Miller's motion for correction of illegal sentence, we rejected Miller's argument that his life sentence for Unlawful Sexual Intercourse in the First Degree was illegal.[6]  We warn Miller that if he continues to file appeals from repetitive claims, he will be enjoined from filing future appeals without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is granted and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] *Miller v. State*, 1995 WL 301379, at *2.
[6] *Miller v. State*, 2004 WL 65331, at *1 (stating "Miller's life sentence (a) did not exceed the statutorily-authorized limits for Unlawful Sexual Intercourse in the First Degree, (b) did not constitute double jeopardy, and (c) was not ambiguous or contradictory") (citations omitted).